UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ANNA LANDRY | : | DOCKET NO. 2:07-cv-0563 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of supplemental security income benefits claimed under §§ 216(i) and 223 of the Social Security Act (Sections 416 and 423 of Title 42 of the U.S. Code). This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

Plaintiff in this case, Anna M. Landry, first filed an application for disability insurance benefits on November 23, 2004. Transcript at 12. On initial determination, plaintiff's claim was denied. *Id.* As a result, plaintiff sought an administrative hearing. *Id.* A hearing was held on October 25, 2006. *Id.* At the hearing, plaintiff testified with the assistance of counsel. *Id.* Also appearing and testifying were Earl Beard, M.D., an impartial medical expert, and Norman Hooge, Ph.D., an impartial vocational expert. *Id.*

On November 15, 2006, the administrative law judge (ALJ) rendered a decision finding that plaintiff is not disabled within the meaning of the Social Security Act. *Id.* at 12-19. Plaintiff requested review of the ALJ's decision before the appeals council, but the council denied the

request on January 26, 2007. *Id.* at 4-6. Thus, plaintiff filed the above-captioned civil action, seeking this court's review.

## **STANDARD OF REVIEW**

"In Social Security disability cases, 42 U.S.C. § 405(g) governs the standard of review." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Frith v. Celebrezze*, 333 F.2d 557, 560 (5th Cir. 1964)). The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Greenspan*, 38 F.3d at 236). "It is 'more than a mere scintilla and less than a preponderance.'" *Id.* (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)). It is "such relevant evidence as a reasonable mind might accept to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In applying the substantial evidence standard, the reviewing court critically inspects the record to determine whether such evidence is present, "but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Perez*, 415 F.3d at 461 (citing *Greenspan*, 38 F.3d at 236; *Masterson*, 309 F.3d at 272). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Conflicts of

evidence are for the Commissioner, not the courts, to resolve." *Perez*, 415 F.3d at 461 (citing *Masterson*, 309 F.3d at 272).

## **DISCUSSION**

The burden of proving that he or she suffers from a disability[1] rests with the claimant. *Perez*, 415 F.3d at 461. The claimant must show that he or she is unable to engage in a work activity "involving significant physical or mental abilities for pay or profit." *Id.* (citing 20 C.F.R. § 404.1572(a)-(b)). The ALJ conducts a five-step sequential analysis to evaluate claims of disability, asking:

> (1) whether the claimant is currently engaged in substantial gainful activity (whether the claimant is working); (2) whether the claimant has a severe impairment[2]; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work (whether the claimant can return to his old job); and (5) whether the impairment prevents the claimant from doing any other work.

---

[1] A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

[2] A severe impairment or combination of impairments limits significantly a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Basic work activities are defined at 20 C.F.R. § 404.1521(b). The term severe is given a *de minimis* definition as found in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). According to *Stone*, "[a]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." 752 F.2d at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)).

If a severe impairment or combination of impairments is found at step two, the impairment or combined impact of the impairments will be considered throughout the disability determination process. 20 C.F.R. §§ 404.1520, 404.1523. A determination that an impairment or combination of impairments is not severe will result in a social security determination that an individual is not disabled. *Id.*

*Id.* (citing 20 C.F.R. § 404.1520). If the claimant meets the burden of proof on the first four steps, the burden shifts to the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy. *Id.* "'Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding.'" *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)).

The analysis ends if the Commissioner can determine whether the claimant is disabled at any step. *Id.* (citing 20 C.F.R. § 404.1520(a)). On the other hand, if the Commissioner cannot make that determination, he proceeds to the next step. *Id.* Before proceeding from step three to step four, the Commissioner assesses the claimant's residual functional capacity (RFC). *Id.* "The claimant's RFC assessment is a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Id.* at 461-62 (citing 20 C.F.R. § 404.1545(a)(1)). Specifically, in determining a claimant's RFC, an ALJ must consider all symptoms, including pain, and the extent to which these symptoms reasonably can be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; Social Security Ruling 96-8p. The ALJ must also consider any medical opinions (statements from acceptable medical sources) that reflect judgments about the nature and severity of impairments and resulting limitations. 20 C.F.R. § 404.1527, Social Security Rulings 96-2p, 96-6p. The claimant's RFC is considered twice in the sequential analysis—at the fourth step it is used to determine if the claimant can still do his or her past relevant work, and at the fifth step the RFC is used to determine whether the claimant can adjust to any other type of work. *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1520(e)).

Here, the ALJ found that plaintiff is not disabled at step five of the sequential analysis. Transcript at 18-19. Specifically, the ALJ found that plaintiff retains a RFC allowing her to perform a wide range of work at the sedentary and light exertional levels as defined at 20 C.F.R. 404.1567. *Id.* at 15. The ALJ determined that plaintiff can "sit for at least six hours in a workday, but can stand and walk no more than two hours." *Id.* She can "lift and carry 10 pounds frequently and 20 pounds occasionally, and can balance, stoop, kneel, crouch, crawl, and climb ramps and stairs occasionally." *Id.* The ALJ cautioned that plaintiff should "avoid climbing ropes, ladders, or scaffolds, and work at unprotected heights or around dangerous machinery." *Id.* Finally, the ALJ determined that plaintiff "should reach overhead with her left upper extremity only occasionally." *Id.* The ALJ then considered,

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.21.[3] However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the [ALJ] asked Dr. Hooge, the vocational expert, whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. He testified that given all of these factors the individual would be able to perform the requirements of representative unskilled light exertional level occupations such as [o]ffice [h]elper (10,000 jobs in the Southwest Louisiana and Southeast Texas regional economy and 300,000 jobs in the national economy) and [s]torage [f]acility [r]ental [c]lerk (500 jobs in the Southwest Louisiana and Southeast Texas regional economy and over 75,000 jobs in the national economy).

---

[3] The Medical Vocational Guidelines may be used to determine that occupations performable by a claimant exist in the national economy only if the ALJ finds that a claimant has the exertional RFC to perform all of the strength demands required by work at a given level of exertion and that no non-exertional limitations exist for the claimant. Social Security Rulings 83-10, 83-11; *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000).

Transcript at 18. Concerning the above, the ALJ found that "the vocational expert's testimony is consistent with the Dictionary of Occupational Titles . . . ." *Id.* The ALJ continued:

> Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been capable of making a successful adjustment to other work, both unskilled and semiskilled, that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

*Id.* at 19.

Plaintiff asserts that the vocational expert testimony relied on by the ALJ is facially unreliable because it conflicts with the Dictionary of Occupational Titles (D.O.T.).[4] Doc. 10, at 9. Specifically, plaintiff asserts that the jobs, office helper and storage facility rental clerk, require physical abilities beyond her RFC. *Id.* Plaintiff argues that these two jobs require walking and standing in excess of the two hour maximum provided for by the ALJ. *Id.*

The Commissioner, in response to plaintiff's arguments, notes that the ALJ queried the vocational expert whether the D.O.T. conflicted with his testimony regarding the jobs cited by the vocational expert as examples of other work that plaintiff could perform. Doc. 11, at 7 (citing Transcript at 269). The vocational expert responded that no conflicts existed in this regard. *Id.* The Commissioner further points out that plaintiff fails to cite any specific provision in support of her argument that the jobs require walking and standing for greater than two hours and asserts that the reason is that no such provision exists. *Id.* at 7-8.

According to the D.O.T., an office helper:

---

[4] Plaintiff also argued that she lacked the mental capacity to perform the job of Check Cashier in her initial brief. Doc. 10, at 7-9. The Commissioner responded to this argument by pointing out that the ALJ did not find that plaintiff could perform this job. Doc. 11, at 5. In her reply brief, plaintiff conceded the point. Doc. 12, at 1. Reviewing the record, the court also finds that the ALJ did not make the finding that plaintiff could perform this job. Transcript at 18-19. The court does not find it necessary to further develop discussion on this issue in light of the foregoing.

> Performs any combination of following duties in business office of commercial or industrial establishment: Furnishes workers with clerical supplies. Opens, sorts, and distributes incoming mail, and collects, seals, and stamps outgoing mail. Delivers oral or written messages. Collects and distributes paperwork, such as records or timecards, from one department to another. Marks, tabulates, and files articles and records. May use office equipment, such as envelope-sealing machine, letter opener, record shaver, stamping machine, and transcribing machine. May deliver items to other business establishments [DELIVERER, OUTSIDE (clerical) 230.663-010]. May specialize in delivering mail, messages, documents, and packages between departments of establishment and be designated Messenger, Office (clerical). May deliver stock certificates and bonds within and between stock brokerage offices and be designated Runner (financial).

D.O.T. 239.567-010. The strength requirements associated with the job are described as:

> Light Work[5] - Exerting up to 20 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or up to 10 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

*Id.*

According to the D.O.T., a storage facility rental clerk:

> Leases storage space to customers of rental storage facility: Informs customers of space availability, rental regulations, and rates. Assists customers in selection of storage unit size according to articles or material to be stored. Records terms of rental on rental agreement form and assists customer in completing form. Photographs completed form and customer to establish

---
[5] Social Security Administration regulations define "light work" in essentially the same way. *See* 20 C.F.R. §§ 404.1567, 416.967.

> identification record, using security camera. Computes rental fee and collects payment. Maintains rental status record and waiting list for storage units. Notifies customers when rental term is about to expire or rent is overdue. Inspects storage area periodically to ensure storage units are locked. Observes individuals entering storage area to prevent access to or tampering with storage units by unauthorized persons. Loads film into security and surveillance cameras, records dates of film changes, and monitors camera operations to ensure performance as required. Cleans facility and maintains premises in orderly condition.

D.O.T. 295.367-026. The strength requirements associated with the job are the same as those for the job of office helper. *Id.*

Based on the descriptions set out above, the court observes that the Commissioner is correct that these jobs do not specifically require standing or walking in excess of two hours. Thus, the court finds that plaintiff's argument that the D.O.T. job descriptions set out above facially conflict with the ALJ's testimony is without merit. The court observes that the D.O.T. describes these jobs as ones that may require some walking and standing and some pushing or pulling of controls, even, perhaps, at a heightened pace. However, nothing about these two jobs, including the fact that they are in the "light work" category, causes this court to find that they facially require more than two hours of walking or standing.

The Fifth Circuit Court of Appeal decision in *Carey v. Apfel*, 230 F.3d 131 (2000) is instructive in this situation. In that case, the ALJ posed a hypothetical question to the vocational expert that included all limitations identified by the plaintiff and objectively supported by the medical evidence. *Carey*, 230 F.3d at 145. The ALJ observed that plaintiff retained a RFC to perform light, unskilled work, limited by an inability to use his left arm and hand, the need to have a sit-stand option, and the need to work in a climate controlled environment. *Id.* In response to the hypothetical question, the ALJ testified that plaintiff could perform the jobs of cashier and

8

ticket seller despite the additional impairments identified by the ALJ. *Id.* On appeal, the plaintiff asserted that there was a conflict between the D.O.T. and the testimony of the vocational expert with regard to whether plaintiff could perform these jobs without the use of one hand or arm. *Id.*

The appeal court observed: "When, as here, the claimant suffers from additional limitations that make the Medical-Vocational Guidelines inapplicable, the Commissioner must rely upon the services of a vocational expert or similar evidence. This [c]ourt has recognized that the D.O.T. is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job." *Id.* (internal citations omitted). The appeal court quoted *Fields v. Bowen*, 805 F.2d 1168, 1170-71 (5th Cir. 1986), noting "The value of a vocational expert is that he [or she] is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.*

Reviewing the specific requirements of the jobs, the appeal court observed that although some ability to hand and finger things would be required, the court could not infer, as plaintiff would have it, that the jobs require manual dexterity with not one, but two hands. *Id.* at 146. The court also found that any conflict that could be inferred was "greatly mitigated by the vocational expert's specific testimony that [plaintiff] could perform the identified jobs" despite his impairments. *Id.* Finally, the court observed that plaintiff "basically contends that the vocational expert's testimony that he could perform certain jobs requiring manual dexterity . . . should have been explored further, when [plaintiff] himself failed to do so in the administrative hearing." *Id.*

In light of these considerations, the court concluded:

> To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the DOT in this case, . . . the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so. As the facts of this case demonstrate, all kinds of implicit conflicts are possible

and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation. Moreover, claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing. . . . Certainly, a vocational expert's erroneous characterization of the exertional level or skills required to perform a particular job calls into question both the probative value and reliability of the expert's testimony. Likewise, an explained discrepancy between the ALJ's determination of the claimant's residual functional capacity and the vocational expert's testimony that the claimant can perform certain identified jobs with inconsistent skill requirements may require remand for further exploration. But in this case, the vocational expert's clear and unchallenged testimony that Carey could perform the identified jobs . . . is adequate, in the context of this record as a whole, to support the ALJ's determination that Carey could perform other available work.

*Id.* at 146-47.

This court observes that the circumstances of the instant case are sufficiently similar to those of *Carey* to support a finding that substantial evidence supports the ALJ's decision. Specifically, as in *Carey*, the jobs identified by the vocational expert do not facially conflict with the RFC assigned plaintiff. The ALJ included all of plaintiff's limitations in the adopted hypothetical. Transcript at 18, 267-69. The vocational expert specifically testified that no conflicts between these jobs and plaintiff's RFC prevent her from performing them. *Id*. at 269. Finally, plaintiff, represented by counsel, had an opportunity to vocalize a concern that the vocational expert's testimony conflicted with the D.O.T., but failed to do so. *Id.* at 269-71. The court, therefore, must conclude that substantial evidence supported the ALJ's determination of plaintiff's RFC and his finding that plaintiff is not disabled. *Carey*, 230 F.3d at 146-47.

For the foregoing reasons,

IT IS RECOMMENDED that the Commissioner's unfavorable determination be AFFIRMED.

Accordingly, it is RECOMMENDED that plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 30th day of September, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE